```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


KENYA BROWN,                       :
      Plaintiff,                   :
                                   :
    v.                             : CASE NO. 3:12-cv-1563(JBA)
                                   :
UCONN HEALTH CENTER CORRECTION     :
MANAGED HEALTH CARE, et al.,       :
      Defendants.                  :
```

INITIAL REVIEW ORDER RE AMENDED COMPLAINT [Doc. #14] AND
      RULING ON PLAINTIFF'S MOTION TO AMEND [Doc. #15]

The plaintiff commenced this action by complaint filed on November 5, 2012.  The original complaint named thirteen defendants and asserted claims regarding medical treatment for four separate conditions:  side effects from antipsychotic medication and the failure to receive court-ordered treatment; an ear infection; injuries suffered in a motor vehicle accident; and refusal to provide pain medication for a broken tooth.

On October 1, 2013, the court filed an Initial Review Order dismissing all claims except the claims for deliberate indifference to serious medical needs and retaliation regarding plaintiff's ear infection against Dr. Pillai, Dr. Naqvi and Nurse Karen, the claim for denial of pain medication against Nurse Joy and the claim for denial of a legal call against

Counselor Siminole.  The court dismissed claims against University of Connecticut Health Center Correctional Managed Health Care, Dr. Marc Buchanan, Dr. Berger, and Nurses Yvonne Francis, Heidi Green, Latrice Brown and Linda G.  The court dismissed all claims arising from the motor vehicle accident because those claims are the subject of another action and dismissed all claims for violation of the state court settlement agreement as improperly brought in a federal court action.  See Doc. #6.

Six days later, the plaintiff sought and was granted leave to file an amended complaint.  The amended complaint, which is dated September 20, 2013, before the court issued the Initial Review Order, includes only two of the defendants against whom the court determined that the case should proceed, Counselor Siminole and Dr. Pillai.  In addition, the plaintiff added as defendants, Dr. Jonnie Wu, Commissioner James Dzurenda, Warden Erfe, Warden Murphy, Nursing Supervisor Erin Nolin, Nursing Supervisor Raquel Lightner, Dr. Joanne Tuttle, Nurse Yvonne Francis and Deputy Warden Mundano.  The amended complaint includes new claims for false accusations of sexual assault and improper treatment by the dentist, improper treatment of a cyst in his pituitary gland, retaliation, denial of access to the courts, failure to comply with grievance procedures and confiscation of his legal materials.

2

On January 17, 2014, the court received the plaintiff's motion to amend accompanied by an undated proposed second amended complaint. Five of the first six defendants listed in the case caption are the defendants remaining after the court's initial review of the complaint. To these individuals, the plaintiff proposes to add twelve persons and numerous claims including failure of due process, retaliation, violation of free speech, failure to provide reasonable health care, failure to provide reasonable mental health care, cruel and unusual punishment and conspiracy.

This circuit has long held that an amended complaint completely replaces the prior complaint. See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977) (holding that the amended complaint completely replaces original complaint), cert. denied, 434 U.S. 1014 (1978). Thus, any claims included in the original complaint that are omitted from the amended complaint are considered abandoned and the claims against any defendant who is not named in the amended complaint are considered withdrawn.

Defendants Nurse Karen, Nurse Joy and Dr. Naqvi were omitted from the amended complaint. Thus, all claims against them are withdrawn. In addition, the plaintiff makes no reference to the claim regarding his ear infection in the

amended complaint. The court considers this claim withdrawn as well.

Dr. Pillai is referenced in the original complaint only in connection with the plaintiff's ear infection. The plaintiff includes allegations against him in the amended complaint with regard to his failure to treat the plaintiff for a cyst in his pituitary gland. This claim, however, is the subject of a separate action, Brown v. UCONN Managed Health Care, No. 3:13cv931(JBA). The plaintiff cannot pursue the same claim in two separate actions. See Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000) (holding that party cannot maintain two lawsuits against same parties in same court at the same time). Allowing the plaintiff to pursue the same claim in two separate actions would waste valuable court resources. Accordingly, the claim regarding treatment of the cyst is dismissed.

The court should grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). This practice is particularly applicable where the plaintiff is proceeding pro se. Underlying this rule, however, is an assumption that the amended complaint will clarify or amplify the original cause of action and not add new causes of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In addition, leave to amend should be denied where a review of the proposed amended complaint reveals that the

amended complaint fails to state a claim.  <u>Hunt v. Alliance North Am. Gov't Income Trust, Inc.</u>, 159 F.3d 723, 728 (2d Cir. 1998).

The plaintiff's claims for retaliation, denial of access to the courts, failure to comply with grievance procedures and confiscation of his legal materials are unrelated to the claims in the original complaint.  In fact, the claims of retaliation and failure to comply with grievance procedures relate to the claims regarding treatment for the cyst in the plaintiff's pituitary gland which is the subject of another action.  Thus, amendment to add those claims is improper.  These claims are dismissed without prejudice.

The claim against Dr. Tuttle also is the basis of another action, <u>Brown v. Tuttle</u>, No. 3:13cv1444(JBA).  As explained above, the plaintiff cannot assert the same claim in two actions.  The claim against Dr. Tuttle is dismissed.

Federal Rule of Civil Procedure 20 allows persons to be joined in one action as defendants as long as the right to relief asserted against each defendant arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  The allegations against the remaining new defendants, Commissioner Dzurenda, Warden Erfe, Warden Murphy, Nurse Nolin,

Nurse Lightner, Nurse Francis and Deputy Warden Mundano, relate to claims that will not be addressed in this action, they are dismissed as defendants.

The case will proceed on the claims in the amended complaint against defendant Siminole for denial of a legal call and the claim against Nurse Joy for denial of medication for dental pain.

The plaintiff also seeks leave to file a second amended complaint.  The proposed second amended complaint includes eighteen defendants and concerns the plaintiff's inability to obtain treatment for the side effects of psychiatric medication, retaliation for seeking that treatment and the denial of proper mental health care.  None of these claims are related to the claims in the amended complaint that are going forward.  In addition, the plaintiff provides no reason why further amendment should be allowed.

This case has been pending for over a year and an answer still has not been filed.  In addition to the reasons stated above explaining why many of the claims in the proposed second amended complaint should not proceed in this action, allowing another amended complaint would further delay resolution of this case.

Accordingly, the court enters the following orders:

1.      The operative complaint in this case is the October 31, 2013 amended complaint [Doc. #14].

2.      All claims against defendants Nurse Karen and Dr. Naqvi and the claim for improper treatment of plaintiff's ear infection against Dr. Pillai were withdrawn with the filing of the amended complaint.

3.      The only claim against Dr. Pillai in the amended complaint, for improper treatment of the cyst in plaintiff's pituitary gland, and the claim against Dr. Tuttle are **dismissed** because those claims are being addressed in other cases.

4.      All claims in the amended complaint except the claim against defendant Siminole for denial of a legal call and the claims against Nurse Joy for denial of pain medication are **dismissed**.  The dismissed claims, including claims for retaliation, denial of access to the courts, failure to comply with grievance procedures and confiscation of his legal materials, are unrelated to the claims in the original complaint and should be addressed in other actions.

5.      The Clerk is directed to terminate all defendants except Nurse Joy and Counselor Siminole.

6.      Plaintiff's motion for leave to file a second amended complaint [**Doc. #15**] is **DENIED**.

7.      **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, by February

7

28, 2014.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

      8.   Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by June 30, 2014. Discovery requests need not be filed with the court.

      9.   All motions for summary judgment shall be filed by July 30, 2014.

      12.  Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

      13.  If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff

also should notify the defendant(s) or the attorney for the defendant(s) of his new address.

**It is so ordered.**

/s/_____
Janet Bond Arterton
United States District Judge

Dated at New Haven, Connecticut:  January 31, 2014.